UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLTON BROWN,

                                        Plaintiff,

                                                                                                          DECISION AND ORDER

                                                                                                               08-CV-6477L

                        v.

SUPERINTENDENT D. F. NAPOLI,
sued in his individual capacity,
DEPT. OF SECURITY COLVIN,
sued in his individual capacity,
CAPTAIN H. HETRICK,
sued in his individual capacity,
SERGEANT CALA,
sued in his individual capacity,
CORRECTION OFFICER J. COLINS,
sued in his individual capacity,

                                          Defendants.
_____

       Plaintiff, Carlton Brown, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, who at all relevant times were employed by DOCS, violated his constitutional rights in 2008, while plaintiff was confined at Southport Correctional Facility. Specifically, plaintiff alleges that defendants failed to protect him from certain other inmates, after plaintiff had informed defendants about some problems that plaintiff was having with those inmates,

and that one of the defendants, Correction Officer Collins, labeled plaintiff a "snitch." Plaintiff does not allege that he has been subjected to any physical harm as a result of defendants' actions, but seeks money damages for "personal humiliation and mental anguish ... ." Complaint ¶ 27.

Defendants have moved to dismiss most of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

**DISCUSSION**

**I. Failure to Exhaust Administrative Remedies**

Defendants contend that the complaint should be dismissed because of plaintiff's failure to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

There are three stages to the DOCS grievance process. First, a grievance is filed with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee. *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). It is only upon exhaustion of all three of these levels of review that a prisoner seeking relief may proceed in federal court. *Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v.*

*Nussle*, 534 U.S. 516 (2002); *Campos v. Correction Officer Smith*, 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006).

In the case at bar, the complaint states that plaintiff did not file a grievance concerning the subject matter of this lawsuit, due to plaintiff's "[f]ear for [his] personal safety and retaliation by correctional staff." Complaint at 3. Plaintiff alleges that instead of filing a formal grievance, he wrote three letters to the superintendent of Southport and one letter to the deputy superintendent of security. *Id.*

Plaintiff has not, however, alleged any facts to support his claimed fear of retaliation. In the absence of such allegations, plaintiff's mere allegation of a generalized fear of retaliation is insufficient to excuse his failure to file a grievance concerning these matters. *See Boyd v. Corrections Corp. Of America*, 380 F.3d 989, 997-98 (6th Cir. 2004) (plaintiff's nonspecific allegations of fear did not excuse his failure to exhaust his administrative remedies), *cert. denied*, 544 U.S. 920 (2005); *Bogard v. Bernal*, Civ. No. 08-1157, 2009 WL 2634483, at *3 (E.D.Cal. Aug. 25, 2009) (dismissing complaint where plaintiff "failed to rebut Defendants' showing that he failed to properly exhaust his administrative grievances with respect any of the claims found in his Complaint. Plaintiff speaks of an overall fear of retaliation if he were to file an administrative grievance but provides no specific examples of an actual threat to his physical safety if he were to file such a grievance"); *Garcia v. Baca*, No. CV 06-4837, 2008 WL 5119156, at *5 (C.D.Cal. Dec. 2, 2008) ("the exhaustion requirement applies to all claims and something more than a generalized fear of retaliation is required before the Court will overlook the failure to even attempt to utilize the grievance process prior to filing suit"); *Taylor v. Banks*, No. 107CV00007; 2007 WL 1791233 at *1

(E.D. Ark. June 13, 2007) (dismissing complaint of plaintiff who argued that he could not exhaust his administrative remedies because of fears of retaliation); *Harrison v. Stallone*, No. 9:06-CV-902, 2007 WL 2789473, at *6 (N.D.N.Y. Sept. 24, 2007) ("If every plaintiff bringing a retaliation claim could have the exhaustion requirement excused by alleging a fear of further retaliation, it would create a general exception to exhaustion for retaliation claims"); *cf. Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir.2004) (remanding to district court to consider whether ordinary grievance procedures were not available to plaintiff based on plaintiff's allegations that correction officer had told plaintiff that plaintiff had "better drop it" and had threatened to "make [plaintiff's] life a living hell" if plaintiff sought medical attention for the injuries he had suffered at the hands of the defendant).[1]

## II. Failure to Satisfy Personal-Injury Requirement

Ordinarily, the proper remedy where a prisoner has failed to satisfy the exhaustion requirement is to dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint. *See, e.g., Chisholm v. New York City Dep't of Correction*, No. 08CIV.8795, 2009 WL 2033085, at *3 (S.D.N.Y. July 13, 2009). That course

---

[1] In his response to defendants' motion to dismiss (Dkt. #10), plaintiff states that "[i]t has been [his] experience in greving [sic] Facility gaurds [sic], retaliation by other gaurds in one form or another [sic]." *Id.* ¶ 6. Since this is a motion to dismiss under Rule 12(b)(6), the Court may not consider any evidence not contained within the complaint itself unless the Court converts the motion to a motion for summary judgment, *see Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). I therefore do not consider this assertion by plaintiff in his response to the motion, though I do note that it adds nothing to the allegations in the complaint itself, and does not suggest any factual issues that might warrant converting the motion to a Rule 56 summary judgment motion.

of action, however, is best suited to cases in which the complaint as presented suffers from a "temporary, curable procedural flaw ... ." *Toomer v. County of Nassau*, No. 07-CV-01495, 2009 WL 1269946, at *9 (E.D.N.Y. May 5, 2009) (quoting *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004)).

In the case at bar, plaintiff's failure to exhaust may be curable (though I express no opinion in that regard), but to allow plaintiff to cure that flaw would be an exercise in futility, since the complaint also suffers from another, fundamental defect. As stated, plaintiff does not allege any physical injury as a result of the claimed constitutional violations. Instead, he alleges, and seeks damages for, psychological injuries only.

In that regard, 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." That provision bars recovery of compensatory damages for mental and emotional injuries, absent physical injury, in § 1983 actions. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("we conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations"); *accord Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004), *cert. denied*, 544 U.S. 1061 (2005); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002); *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir. 1998). Since plaintiff does not allege that he has suffered any physical injury as a result of defendants' actions, his claims must be dismissed, regardless of whether he has exhausted his administrative remedies. *See Nash v.*

*McGinnis*, 585 F.Supp.2d 455, 464 (W.D.N.Y. 2008); *Dolberry v. Levine*, 567 F.Supp.2d 413, 418 (W.D.N.Y. 2008).[2]

## CONCLUSION

Defendants' motion to dismiss (Dkt. #5) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 18, 2009.

---

[2] My conclusion that the complaint must be dismissed for failure to exhaust and for failure to allege any physical injury renders it unnecessary for the Court to address defendants' alternative argument that plaintiff has failed to allege sufficient personal involvement on the part of some of the defendants.